**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**AT JACKSON**

| | | |
|---|---|---|
| **RAUL MARTINEZ, III**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**IBRAHIM HUSIC, COMPASS TRUCK SALES, LLC, and SEVIC INC.**<br><br>**Defendants.** | ) | **CIVIL ACTION NO. 1:25-cv-01037**<br><br>**JURY DEMAND** |

---

**DEFENDANT SEVIC INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

---

Defendant Sevic Inc. ("Sevic") files the following Answer and Affirmative Defenses in response to Plaintiff Raul Martinez, III's ("Plaintiff") Complaint and states as follows:

1. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and, therefore, denies those allegations.

2. The allegations in Paragraph 2 are not directed at Defendant and, therefore, do not require a response. To the extent a response is required, and to the extent any allegations within Paragraph 2 imply any negligent act, liability, or wrongdoing on the part of Defendant, they are hereby denied.

3. The allegations in Paragraph 3 are not directed at Defendant and, therefore, do not require a response. To the extent a response is required, and to the extent any allegations within Paragraph 3 imply any negligent act, liability, or wrongdoing on the part of Defendant, they are hereby denied.

4. The allegations in Paragraph 4 set forth legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Defendant is a foreign corporation and its principal place of business is located at 933 Blu Jay Way, Dyer, Indiana 46311. Defendant admits its registered agent is Drita Kaili, 524 Sycamore Creek Street, Pickerington, Ohio 43147.

5. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and, therefore, denies those allegations.

6. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and, therefore, denies those allegations.

7. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and, therefore, denies those allegations.

8. The allegations of Paragraph 8 set forth legal conclusions to which no response is required. To the extent a response is required, and to the extent any allegations within Paragraph 8 imply any negligent act, liability, or wrongdoing on the part of Defendant, they are hereby denied.

9. The allegations in Paragraph 9 are not directed at Defendant and, therefore, do not require a response. To the extent a response is required, and to the extent any allegations within Paragraph 9 imply any negligent act, liability, or wrongdoing on the part of Defendant, they are hereby denied.

10. The allegations in Paragraph 10 are not directed at Defendant and, therefore, do not require a response. To the extent a response is required, and to the extent any allegations within Paragraph 10 imply any negligent act, liability, or wrongdoing on the part of Defendant, they are hereby denied.

11. The allegations in Paragraph 11 are not directed at Defendant and, therefore, do not require a response. To the extent a response is required, and to the extent any allegations within Paragraph 11 imply any negligent act, liability, or wrongdoing on the part of Defendant, they are hereby denied.

12. The allegations of Paragraph 12 set forth legal conclusions to which no response is required. To the extent a response is required, and to the extent any allegations within Paragraph 12 imply any negligent act, liability, or wrongdoing on the part of Defendant, they are hereby denied.

13. Denied.

14. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and, therefore, denies those allegations.

15. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and, therefore, denies those allegations.

16. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and, therefore, denies those allegations.

17. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and, therefore, denies those allegations.

18. The remainder of the allegations in the Complaint, being merely prayers for relief and demand for jury trial, require no response. Notwithstanding, Defendant denies Plaintiff is entitled to any award in any amount whatsoever and denies any express or implied allegation of fault contained within the Complaint.

19. All allegations that have not been expressly addressed or explained by Defendant are denied.

20. Defendant reserves the right to amend this Answer after review of all the records and as discovery proceeds.

**AFFIRMATIVE DEFENSES**

The burden of proof with respect to any of the defenses and issues listed below are as provided by Tennessee law. Characterizing the defenses below as "Affirmative Defenses" does not shift the burden of proof to Defendant with respect to any issues for which Plaintiff carries the burden of proof. Defendant provides that the investigation into this matter is not yet complete. Defendant specifically reserves the right to amend this Answer and Affirmative Defenses to assert any defense, avoidance, or affirmative defense that may become apparent during this litigation.

**Comparative Fault**

Defendant reserves the right to amend its Answer, Affirmative Defenses, and Demand for Jury Trial to make additional, specific allegations of comparative fault, including, but not limited to, Plaintiff Raul Martinez, III, along with both non-party and/or third-party apportionment, against such individuals and/or entities in the event discovery and/or other proof, including evidence at trial, reveals a basis for such an allegation of comparative fault. In the unlikely event that these allegations are found to be accurate by a jury in this case, Defendant asserts that the fault of Plaintiff must be compared, and damages apportioned among the parties, by the jury in accordance with the principles of the system of modified comparative fault adopted in Tennessee.

**Intervening and/or Superseding Acts of Others**

Plaintiff's claims may be barred in whole or in part due to superseding or intervening acts of other individuals or entities over which Defendant had no control.

**Pre-Existing Condition(s)**

Plaintiff's claims may be barred, in whole or in part, to the extent the alleged losses or damages resulted from pre-existing, subsequent, and/or unrelated conditions and not from any act or omission by Defendant.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully requests the following relief:

1. The Complaint be dismissed with prejudice in its entirety.
2. The Plaintiff takes and recovers nothing by virtue of the causes of action set forth in the Complaint;
3. The costs of this cause of action be assessed to Plaintiff; and
4. The Court grant such other and further relief as may be just and proper.

**JURY DEMAND**

Defendant demands a trial by a jury no less than six (6) for all issues that are triable to a jury.

Respectfully submitted, this 12th day of February 2025.

**ADAMS AND REESE LLP**

*/s/ Kaitlin R. Parham*
F. Laurens Brock (BPR #17666)
Kaitlin R. Parham (BPR #35280)
1600 West End Avenue
Suite 1400
Nashville, Tennessee 37203
Telephone: (615) 259-1450
Facsimile: (615) 259-1470
larry.brock@arlaw.com
kaitlin.parham@arlaw.com

*Counsel for Defendant Sevic Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via e-mail and/or first class, pre-paid postage, U.S. Mail, to:

Mike Dillon (BPR #15177)
Stillman & Friedland
95 White Bridge Road, Suite 222
Nashville, TN 37205
Tel: (615) 244-2111
Mdillon@jstillman.com

*Counsel for Plaintiff*

Robert D. Martin (BPR 034338)
MCANGUS GOUDELOCK & COURIE, LLC
Post Office Box 2949
120 Brentwood Commons Way, Suite 625
Brentwood, Tennessee 37024
(615) 425-4500
Robert.martin@mgclaw.com

*Counsel for Unnamed Defendant Auto-Owners Insurance Company*

Ibrahim Husic
8475 Digital Drive
Apartment 205
Charlotte, North Carolina 28262

Compass Truck Sales, LLC
c/o Arlessia McDonald, Registered Agent
115 W. 55th Street, 4th Floor
Clarendon Hills, Illinois 60514

This 12th day of February, 2025.

*/s/ Kaitlin R. Parham*______
Kaitlin R. Parham